36239. Reserve Life Insurance Company *v.* Loyd.

Carlisle, J. 1. By the terms of section 26 of the act of 1955 (Ga. L. 1955, pp. 2552, 2565), it is provided that in all cases tried in the Civil Court of Bibb County, "wherein the amount involved exclusive of interest, hire, attorney's fees, and cost is more than fifty dollars, an appeal shall lie by bill of exceptions and writ of error to the Court of Appeals of Georgia . . . from the judgment, order or ruling of said Civil Court of Bibb County in the same manner judgments, orders and rulings of the Superior Court of Bibb County are now reviewed; *provided, however, that the bill of exceptions shall be tendered within thirty days from the judgment, order or ruling complained of and certified and filed within ten additional days. . .*" (italics ours); and, a failure to file the bill of exceptions within the time specified is fatal to the appeal. See in this

connection, *Johnson* v. *City of Atlanta*, 9 *Ga. App.* 302 (70 S. E. 1120); *Bradford* v. *State*, 58 *Ga. App.* 819 (199 S. E. 898). The bill of exceptions in the present case was certified by the trial court on April 3, 1956, but was not filed with the clerk of the court until April 14, 1956, which was not within the requisite ten-day period, and accordingly, this court is without jurisdiction of the writ of error, which, on motion of counsel for the defendant in error, must be dismissed.

2. Even if the Court of Appeals has power under Code § 6-1801 to award damages for delay in a case where it has never acquired jurisdiction by virtue of the failure of the plaintiff in error to file the bill of exceptions within the time required by law, it will not exercise this power where some of the exceptions are at least colorable although several of the grounds are identical with grounds in another case recently before this court in which the points were decided adversely to the plaintiff in error. See *Turner* v. *Turner,* 191 *Ga.* 123 (2) (12 S. E. 2d 633).

*Writ of error dismissed. Gardner, P. J., and Townsend, J., concur.*

Decided September 24, 1956—Rehearing denied October 11, 1956.

*Westmoreland & Thornton,* for plaintiff in error.
*H. T. O'Neal, Jr., Robert E. Steele, Jr.,* contra.