## 58466. COOPER et al. v. MASON et al.

MCMURRAY, Presiding Judge.

This is an action for damages arising from the sale by the defendants to plaintiffs of certain real property. The plaintiffs filed their complaint in three counts to which the defendants responded with their answer and counterclaim. Prior to any pretrial order, plaintiffs amended their complaint so as to add a fourth count.

Plaintiffs' fourth count, which purported to be brought under the "Interstate Land Sales Full Disclosure Act," 15 USCA § 1701 et seq., alleges that: Defendants are developers of a subdivision which they offered for sale by means of interstate commerce and the mails. Plaintiffs are purchasers of a lot in defendants' subdivision. At the time of that sale defendants had not filed a statement of record and property report with the Secretary of Housing and Urban Development as required by the Act, thereby injuring and damaging plaintiffs because certain material facts which were required to be disclosed in said documents were not made known to plaintiffs.

Defendants' motion to strike and dismiss Count 4 of plaintiffs' complaint was granted. Plaintiffs made proper application and received interlocutory permission to file

this appeal. *Held:*

1. "A party may amend his pleading as a matter of course and without leave of court at any time before the entry of a pre-trial order . . ." Code Ann. § 81A-115 (Ga. L. 1966, pp. 609, 627; 1968, pp. 1104, 1106; 1972, pp. 689, 694). This right to amend is very broad and there is no prohibition against pleading a new cause of action by amendment. " 'A party may also state as many separate claims . . . as he has regardless of consistency . . .' *Code Ann.* § 81A-108 (e2) (Ga. L. 1966, pp. 609, 619; Ga. L. 1967, pp. 226, 230)." *McDonald v. Rogers,* 229 Ga. 369, 378 (7) (191 SE2d 844).

2. When the sufficiency of a complaint, or as in this case one count of a complaint, is questioned by motion to dismiss for failure to state a claim upon which relief may be granted, it must be construed in the light most favorable to plaintiffs with all doubts resolved in their favor. A complaint should not be dismissed unless allegations of the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of facts that could be proved in support of the claim. *Tri-City Sanitation v. Action Sanitation Service,* 227 Ga. 489 (181 SE2d 377).

The federal statute, 15 USCA § 1709 (b)(1) (82 Stat. 595), provides that any developer who sells a lot in a subdivision of fifty or more lots in violation of 15 USCA § 1703 (82 Stat. 591) may be sued by the purchaser of such lot. 15 USCA § 1703 (a)(1), supra, provides that it shall be unlawful for any developer to make use of interstate commerce or the mails to sell any lot in any subdivision of fifty or more lots unless a statement of record is in effect as required by 15 USCA § 1706 (82 Stat. 593), and a printed property report meeting the requirements of 15 USCA § 1707 (82 Stat. 594) is furnished to the purchaser in advance of the signing of any contract for sale. 15 USCA § 1709 (c) (82 Stat. 595) details the damages which are recoverable in a suit under 15 USCA § 1709 (b)(1), supra, and 15 USCA § 1719 (82 Stat. 598) confers concurrent jurisdiction of such a suit on state courts. The allegations of Count 4 of plaintiffs' complaint are sufficient to state a cause of action under these statutory provisions.

Defendants' contention that no cause of action exists

for damages where there has been no filing of a statement of record or distribution of the required property report is without merit. As shown above, such conduct is unlawful under 15 USCA § 1703, supra, and made actionable for damages under 15 USCA § 1709 (b) and (c), supra. This personal cause of action is specifically provided by statute. Therefore, the authority cited by defendants relating to derivations of causes of action by implication and necessity are *inapposite.*

Nor does any inadequacy by lack of specificity in the pleading of damages subject this cause of action to dismissal under Code Ann. § 81A-109 (g) (Ga. L. 1966, pp. 609, 620) as defendants suggest. Defendants' proper remedy, if plaintiffs have failed to specifically plead the alleged damages, is by a motion for a more definite statement or by discovery. *Cochran v. McCollum,* 233 Ga. 104, 105 (210 SE2d 13).

3. Defendant's motion to dismiss the appeal on the grounds that it is unnecessary and improper is denied. In the absence of this appeal it is quite possible that the trial court would have been eventually compelled to expend the time and resources to try this case twice.

Defendants have also moved that plaintiffs' supplemental brief be stricken. Defendants contend that plaintiffs were attempting to improperly introduce evidence into the record of this case by means of an affidavit contained in plaintiffs' brief. It is true that this affidavit of the Interstate Land Sales Administrator as to that agency's interpretation of the statute is contained in plaintiffs' brief. However, we have not considered it as evidence to be considered along with the record sent up from the trial court. Plaintiffs have adopted by reference the argument contained in the affidavit, and we may consider any argument presented to us, although we are not bound as to her interpretation of the law. We therefore decline to strike the amended brief.

4. As discussed in Division 2, Count 4 of plaintiffs' complaint states a claim upon which relief may be granted. The record before us discloses nothing which would authorize the trial court to strike and dismiss Count 4 of plaintiffs' complaint, and we hold that the trial court erred in doing so.

*Judgment reversed. Banke and Underwood, JJ., concur.*

SUBMITTED SEPTEMBER 25, 1979 — DECIDED OCTOBER 15,1979.

*Ross L. Hatcher, III,* for appellants.
*Lindsay H. Bennett, Jr., Hubert E. Hamilton, III, Ronald R. Womack,* for appellees.