## 59518. CASH et al. v. PREFERRED RISK INSURANCE COMPANY.

SMITH, Judge.

This appeal arises from the trial court's grant of partial summary judgment to defendant/appellee dismissing appellant's claim insofar as it is based on fraud and gross negligence. We affirm.

The pertinent portions of appellants' complaint set forth the following allegations: that appellants' automobile was damaged as the result of a collision with appellee's insured; that appellee admitted its insured was at fault; that appellee promised to mail and did in fact mail a draft to appellants in payment for their damages; that in reliance on appellee's statement that the draft had been mailed, appellants commenced repairs on their automobile; that appellants received and deposited the draft; and that immediately thereafter, appellee notified appellants that it was stopping payment and did stop payment on the draft. In support of its motion, appellee submitted affidavits and a deposition which asserted that no promise was made nor notice given regarding the mailing of the draft; that repairs were begun without any authorization by appellee and as a free and voluntary act by appellants; that six days after mailing, appellee stopped payment on the draft because it discovered that its insured's policy had lapsed for nonpayment of premium a few hours prior to the accident; that notice of dishonor was provided appellants before the draft was negotiated; that it was company policy in such cases as this, in an attempt to render prompt claims service, for appellee to issue a draft before ascertaining whether coverage was in force; and that several situations such as this had occurred in the past. Appellants' sole affidavit in response to appellee's motion was by an attorney experienced in working with insurance companies to the effect that issuing payment on the claim prior to determining whether coverage was in force was not a common practice in the industry.

1. " 'Questions of fraud and bad faith are ordinarily for a jury. [Cits.]' [Cit.] However, a party asserting fraud must introduce some evidence from which an inference of fraud may be drawn in order to make an issue." *Leachman v. Cobb Development Co.,* 229 Ga. 207, 209 (190 SE2d 537) (1972). In the case at bar appellee presented unrebutted evidence that the issuance of the draft was, in effect, a good faith mistake. "When a motion for summary judgment is made by a defendant, charged with fraud, which motion is supported by evidence of good faith in the transaction, and there is no evidence before the trial judge making an issue on the question of fraud, it is not error to grant summary judgment to the defendant." *Id.* at

207-208. The trial court correctly found that appellants had failed to establish a cause of action in fraud.

2. Moreover, the trial court correctly ruled that the facts alleged in the complaint did not as a matter of law constitute gross negligence. Appellee's insured had allowed his policy to lapse; therefore appellee was not obligated to resolve any claims against him arising after the coverage had terminated. Cf. *Parris & Son v. Campbell,* 128 Ga. App. 165 (5) (196 SE2d 334) (1973). Since there was no duty owed to its erstwhile insured in connection with settling the subject claim, there could be no duty owed to appellants. *Speer v. Gemco Elevator,* 136 Ga. App. 235 (220 SE2d 714) (1975); see *Carden v. Georgia Power Co.,* 231 Ga. 456 (202 SE2d 55) (1973).

3. In light of our holdings in Divisions 1 and 2 above, it was not error to grant summary judgment on the issue of punitive damages. See *Southern R. Co. v. O'Bryan,* 119 Ga. 147 (1) (45 SE 1000) (1903).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

SUBMITTED MARCH 11, 1980 —
DECIDED JULY 10, 1980.

*James G. Williams,* for appellants.
*Stephen F. Greenberg,* for appellee.