## 61585. AVERY v. K. I., LTD.

CARLEY, Judge.
The instant appeal arises from a dispossessory proceeding instituted by appellee-K. I., Ltd., against its tenant, appellant-Avery, on the ground that she had failed to pay rent for the apartment which she occupied. Appellant answered and counterclaimed for damages to her personalty which had allegedly occurred as the result of appellee's failure to make repairs to the apartment. When appellee failed to appear at the call of the case, its dispossessory action was dismissed and appellant's counterclaim was placed "on the next available jury default calendar" for the determination of damages. The damages issue was subsequently brought before a jury and, at the close of appellant's evidence, appellee moved for a directed verdict on the ground that appellant "has failed to state specifically the items of

special damages in her Counterclaim, as required by Section 81A-109 (G) of the Georgia Civil Practice Act." The trial court ostensibly granted appellee's motion for directed verdict but, instead of an order granting judgment to appellee, an order dismissing appellant's counterclaim was entered. It is from this order that appellant appeals.

Pretermitting any question of whether dismissal of a party's claim is, in general, a procedurally proper means by which to effectuate the grant of a directed verdict to the opposing party, it is clear that the order in the instant case is erroneous. If appellee were of the belief that appellant's counterclaim lacked the specificity in the pleading of damages required under Code Ann. § 81A-109 (g), its remedy was to move for a more definite statement or to pursue discovery procedures on the issue. *Cooper v. Mason* 151 Ga. App. 793, 795 (261 SE2d 738) (1979). It was, therefore, error to enter an order dismissing appellant's counterclaim on the ground urged in appellee's motion for directed verdict. *Cochran v. McCollum,* 233 Ga. 104 (210 SE2d 13) (1974).

Appellee urges that the order of the trial court was proper nonetheless because appellant failed to prove damages. The trial court indicated, sua sponte, that an alternative basis for his granting appellee's "motion for directed verdict" was that appellant "hasn't even come close to proving her damages." This sua sponte ruling by the trial court and appellee's contention on appeal in regard to the lack of a basis for the recovery of damages are apparently "predicated on the rule of law that special damages must be pleaded and, where they are not, evidence in that regard is not permitted. [Cits.]" *Ga. Power Co. v. Womble,* 150 Ga. App. 28, 32 (256 SE2d 640) (1979). We find this to be an insufficient predicate upon which to affirm the grant of appellee's "motion for directed verdict." When appellee went into default on appellant's counterclaim, appellee's liability was established and the only issue remaining was the amount of damages recoverable by appellant. Appellee's liability having therefore been established, "[w]hether or not in this case the [appellant] should have been permitted to introduce evidence of special damages, general damages might be shown. General damages are those which the law presumes to flow from a tortious act and may be awarded without proof of any specific amount to compensate [the claimant] for the injury done him. [Cit.] the law infers some damage from the invasion of a property right and if no evidence is given of any particular amount of loss, declares the right by awarding what it terms nominal damages. [Cits.] . . . That being true damages should have been recovered by the [appellant] and a motion for directed verdict on the basis that there was no evidence of damages would not

lie." *Ga. Power Co. v. Womble,* 150 Ga. App. 28, 32-33, supra. Since appellant was entitled to at least nominal damages it was error to direct a verdict against her. *Bradley v. Godwin,* 152 Ga. App. 782, 784 (3) (264 SE2d 262) (1979). " '[R]eversal and new trial [is] required when the failure to award nominal damages [is] attributable not to verdict of the finder of fact but to the court' ... 'As the jury might have found the [appellant] was entitled to nominal damages, the court had no right to deprive [her] of [her] right to recover them . . .' [Cit.]" *Corrosion Control v. Wm. A. Smith Co.,* 157 Ga. App. 291, 293 (277 SE2d 287) (1981). Accordingly, the judgment must be reversed.

*Judgment reversed. Banke, J., concurs. Deen, P. J., concurs in the judgment only.*

DECIDED MAY 26, 1981.

*Debra A. Segal, Carolyn S. Weeks,* for appellant.
*John W. Greer III,* for appellee.