### 62324. CITY OF ATLANTA v. WEST.

McMurray, Presiding Judge.

This is an inverse condemnation case. On the second trial of the case the jury returned a verdict of $27,000 in favor of the plaintiff West against the defendant City of Atlanta by reason of damages to plaintiff's property. The damages were sustained as a result of a previous condemnation of property adjacent to plaintiff's property on behalf of the Metropolitan Atlanta Rapid Transit Authority (MARTA) whereby a railroad spur track serving plaintiff's property was severed thereby permanently depriving the plaintiff of the right to ship building materials and other merchandise by rail in violation of the constitutional inhibition as to the taking or damaging of private property for public purposes without adequate and just compensation being paid. After the severance the spur track was removed by the railroad.

The judgment followed the verdict. The City of Atlanta then filed its motion for judgment notwithstanding the verdict while plaintiff filed his motion for new trial which was later dismissed. Subsequently, the trial court denied the City of Atlanta's motion for judgment notwithstanding the verdict, and the defendant appeals enumerating error to the court's denial of its motion for directed verdict (contending the plaintiff incurred no loss as a result of any action of the defendant) and in denying its motion for judgment notwithstanding the verdict as the evidence properly admitted in supporting same did not support the verdict. Two other enumerations of error complain of the trial court's ruling that certain evidence was inadmissible with regard to an objection to a purchase provision in a lease contract in existence for plaintiff's property and with reference to an instruction to the jury with regard to the method the jury should use in determining the measure of damages. *Held:*

1. Defendant enumerates as error the denial of its motion for directed verdict predicated on its contention that there was no

evidence of any reduction in the value of the plaintiff's reversionary interest. It contends the cases of *Ga. Power Co. v. Brooks,* 207 Ga. 406 (62 SE2d 183), and *City of Atlanta v. McLucas,* 125 Ga. App. 349 (1) (187 SE2d 560), provide authority for the method to be used in determining what amounts of money constitute just and adequate compensation to an owner of real property which is taken for public purposes where the use and possession of the property is held by a tenant under a long term lease. The value of the property is segmented into the present value of the right to receive rents during the term of the lease together with whatever the value of the reversion may be. Although the case sub judice involves inverse condemnation rather than a situation in which a real property interest is actually taken, the methodology is unchanged. As there is no evidence of any infringement upon the plaintiff's right to receive rents during the term of the lease, we are dealing in the case sub judice solely with the question of whether there is evidence of a reduction in the fair market value of plaintiff's reversionary interest by comparing the value of that interest before the defendant took the adjoining property and the value afterwards. See in this connection *MARTA v. Datry,* 235 Ga. 568, 575-577 (220 SE2d 905); *Dougherty County v. Hornsby,* 213 Ga. 114, 116-117 (97 SE2d 300).

The plaintiff presented testimony of several witnesses as to the fair market value of the property in question and of the various interests therein. Some of this testimony was excluded by the trial court and that which remained in evidence varied over a substantial range of values and included testimony by one of plaintiff's experts as to calculations made during the course of the trial which showed that there was no reduction in the value of plaintiff's reversionary interest before and after the removal of the spur track. However, there was other testimony as to the effect of the removal of the spur track on the market value of the property in question, one witness testifying that the removal of the spur track reduced the market value in question approximately $62,000. Although this evidence of a $62,000 reduction in present market value was not presented in a manner consistent with the methodology set forth in *Ga. Power Co. v. Brooks,* 207 Ga. 406, supra, and *City of Atlanta v. McLucas,* 125 Ga. App. 349 (1), supra, this was sufficient data from which the jury could calculate the amount of the reduction in market value of plaintiff's reversionary interest with a reasonable degree of certainty. The computations required would merely be an allocation of the reduction in market value between the present leasehold interest and plaintiff's reversionary interest. There being some evidence from which the jury could calculate the diminished fair market value of plaintiff's interest with a reasonable degree of certainty, the trial

court did not err in denying the defendant's motion for directed verdict or motion for judgment notwithstanding the verdict.

2. Before reaching the contentions raised by defendant's other enumerations of error, we deem it appropriate to address plaintiff's contention that defendant's procedural position precludes other appellate relief. We note that defendant has filed in the trial court a motion for judgment notwithstanding the verdict while choosing to make no alternative request for relief such as a motion for new trial. See in this connection Code Ann. § 81A-150 (Ga. L. 1966, pp. 609, 656; 1967, pp. 226, 237, 246, 248).

"While it is erroneous for a court to direct a verdict in favor of a particular party to the cause where there is an issue of fact, where the proved facts, viewed from every possible legal point raised by the evidence, would sustain no finding other than the one directed, i.e., where there is no issue of fact, then it is error to refuse to direct an appropriate verdict. *Norris v. Coffee,* 206 Ga. 759 (4) (58 SE2d 812) (1950); *Moody v. Nides Finance Co.,* 115 Ga. App. 859 (1) (156 SE2d 310) (1967). Further, in giving consideration to a motion for judgment notwithstanding the verdict, the court is concerned substantially with the same principles of law as are applicable upon consideration of the motion for directed verdict. The question for determination is whether or not the evidence demands a verdict for movant (*Kicklighter v. Kicklighter,* 217 Ga. 54 (121 SE2d 122) (1961); *Daniel v. Weeks,* 217 Ga. 388 (122 SE2d 564) (1961); *Salley v. Hogan,* 104 Ga. App. 876 (123 SE2d 313) (1961)), and if there is no evidence to support the verdict returned, denial of the motion is error. *Moody v. Nides Finance Co.,* supra." *Jones v. Spindel,* 143 Ga. App. 341, 343 (1) (238 SE2d 703). Plaintiff contends that the motion for judgment notwithstanding the verdict is not a proper procedural device by which defendant may seek to reduce the amount of the judgment awarded to plaintiff and plaintiff further argues that defendant's proper procedural vehicle would have been a motion for new trial.See *Pure Oil Co. v. Dukes,* 107 Ga. App. 326, 327 (2) (130 SE2d 234).

Additionally, plaintiff argues that defendant has appealed "only from the trial court's denial of its motion for judgment not-withstanding the verdict." Thus, plaintiff argues that defendant's only road to relief is obstructed by use of an inappropriate procedural vehicle. The flaw in plaintiff's position lies in the fact that defendant's notice of appeal states that defendant appeals from the verdict and judgment rendered in the trial court as well as from the order denying defendant's motion for judgment notwithstanding the verdict. Therefore, plaintiff is incorrect in stating that defendant has appealed only from the trial court's denial of its motion for judgment notwithstanding the verdict. The enumerations of error and brief

raise several issues which go beyond the scope of consideration of defendant's motion for judgment notwithstanding the verdict.

Defendant was not required to file a motion for new trial as a condition precedent to the consideration of any ruling in the case sub judice. See Code Ann. § 6-702 (Ga. L. 1965, pp. 18, 20; 1966, pp. 493, 494). *Dept. of Transp. v. Claussen Paving Co.,* 246 Ga. 807, 809 (4, 5) (273 SE2d 161); *Contractors Management Corp. v. McDowell-Kelley, Inc.,* 136 Ga. App. 116, 117 (1) (220 SE2d 473). See also Code Ann. § 6-701 (b) (Ga. L. 1965, p. 18; 1968, pp. 1072, 1073; 1975, pp. 757, 758; 1979, pp. 619, 620).

3. In an amendment to the lease on the property in question there was an option to purchase provision which the trial court ruled to be inadmissible for any purpose of showing the property might be sold in compliance with the option but which the trial court ruled to be admissible insofar as any expert witness might partially base his opinion as to the value on the option provision. To this end a copy of the amendment to the lease which was sent out with the jury did not contain the option to purchase provision. However, as defendant's expert had considered the option to purchase provision in valuing the property and was allowed to testify over plaintiff's objections to the option price which varies with each five year period of the lease, any error in omitting these provisions from the copy of the amendment to the lease introduced into evidence was harmless. This evidence was admitted through the testimony of defendant's expert. Nor does the record substantiate defendant's contention that its examination of witnesses was curtailed by the court's ruling on the option to purchase provision. The only witness to which defendant addressed an inquiry as to whether he had considered the option provision in determining a value of the property testified that he had given these provisions very little consideration, and the defendant made no further inquiries of this witness or any other as to their consideration of this provision of the lease.

4. Defendant's final enumeration of error contends that the court erred in its instructions to the jury. However, defendant made no proper objection to the trial court's charge as required by Code Ann. § 70-207 (Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078) when asked by the trial court if defendant had any exceptions to the charge defense counsel responded, "Your Honor, I really basically do not. I'm wondering whether there might not be a little confusion as to the measure of damages. The court charged the McLucas case which we requested and I think correctly so. The court also charged that they could consider fair market value before and fair market value after and, you know, well, I'm afraid that there might be some confusion. The court's charge might have created

some confusion about what the measure of damages should have been." Such a general objection fails to apprise the trial court of the matter to which defendant objects and the grounds of its objection. Due to the absence of a proper objection to the charge we may not consider this enumeration of error on appeal. *Brooks v. Ralston Purina Co.,* 155 Ga. App. 164, 166 (2) (270 SE2d 347).

5. Plaintiff's request for the award of 10% damages under the provisions of Code § 6-1801 is denied. Some of the alleged errors are "at least colorable." *Reserve Life Ins. Co. v. Loyd,* 94 Ga. App. 462, 463 (2) (95 SE2d 383).

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED OCTOBER 5, 1981 —
REHEARING DENIED DECEMBER 4, 1981 — ▮▮▮▮▮▮

*Marva J. Brooks, Thomas A. Bowman, Irmina R. Owens,* for appellant.

*Taylor Jones,* for appellee.