66419. MIDDLE GEORGIA BANK v. CONTINENTAL REAL ESTATE & ASSOCIATES, INC.

SOGNIER, Judge.

Middle Georgia Bank (Bank) sued Continental Real Estate and Associates, Inc. (Continental) for $500 credited to Continental's account when the Bank honored a check deposited by Continental which was the subject of a stop payment order not timely processed by the Bank. The trial court granted summary judgment in favor of Continental and the Bank appeals.

Continental served as real estate broker in negotiating a sales contract between Sonja Cook as purchaser and a third party seller on May 26, 1982. On that date Cook delivered a check payable to Continental in the amount of $500 as earnest money on the sales contract. The contract stated that the check was to be deposited upon acceptance of the contract by the seller. The check for the earnest money was furnished by Durham, Cook's brother, who was present when the contract was signed. Continental deposited the check on May 28, 1982 after the seller accepted the contract. Durham had issued a stop payment order to the Bank on May 27, 1982, but the Bank failed to timely stop payment, honored the check, and credited the $500 to Continental's account. As a result of its failure to timely act upon the stop payment order, the Bank reimbursed Durham for the $500 charged to his account for the check, thereby becoming subrogated to any claim Durham had against Continental, pursuant to OCGA § 11-4-407 (Code Ann. § 109A-4—407). *Trust Co. of Columbus v. Refrigeration Supplies,* 241 Ga. 406, 409 (246 SE2d 282) (1978).

1. Appellee filed a motion to dismiss the appeal on the ground that this court lacked jurisdiction. This court has "jurisdiction for the trial and correction of errors of law from the superior courts . . . and in such other cases as may now or hereafter be prescribed by law; . . ."

Constitution of Georgia, 1976, Art. VI, Sec. II, Par. VIII (former Code Ann. § 2-3108). (See also Constitution of Georgia, 1983, Art. VI, Sec. V. Par. III, where the provision for this court's jurisdiction has been expanded.) In the act establishing the Civil Court of Bibb County (Ga. L. 1955, pp. 2552, 2565), the General Assembly provided that "an appeal direct shall lie by bill of exceptions or writ of error to the Court of Appeals of Georgia . . . from the judgment, order or ruling of the Civil Court of Bibb County in the same manner that judgments, orders and rulings of the Superior Court of Bibb County are now reviewed. . . ." The grant of a motion for summary judgment can be appealed directly to this court. OCGA § 5-6-34 (a) (Code Ann. § 6-701); OCGA § 9-11-56 (h) (Code Ann. § 81A-156); *Stallings v. Chance,* 239 Ga. 567 (238 SE2d 327) (1977). Appellant's argument that *Reserve Life Ins. Co. v. Loyd,* 94 Ga. App. 462 (95 SE2d 383) (1956) is controlling here is without merit. OCGA § 5-6-50 (Code Ann. § 6-904).

2. The Bank contends that the trial court erred by granting Continental's motion for summary judgment because a genuine issue of material fact exists concerning an alleged oral contract between Durham and Continental. In support of the alleged oral contract, the Bank filed an affidavit from Durham which stated that Durham would not have issued the $500 check on behalf of Cook unless he had been assured by Continental that it would wait to deposit the check until he or Cook had approved the deposit. This alleged oral statement contradicts the written contract and the check itself, which was complete and without condition. This constituted an impermissible attempt to engraft by parol a condition upon an unconditional contract to pay. *Mason v. Blayton,* 119 Ga. App. 203, 207 (166 SE2d 601) (1969). Therefore, the trial court did not err in granting Continental's motion for summary judgment.

3. Lastly, the Bank contends that a genuine issue of fact remains as to its allegation that Continental dealt fraudulently with Durham. At no time was fraud pled by the Bank and a careful examination of the Bank's sole affidavit of defense did not reveal any fraudulent actions by Continental. The Bank failed to controvert assertions by Continental in its affidavits that the $500 earnest money was retained by it to be applied to its earned commission and that it performed duties which entitled it to the fund. " 'When a motion for summary judgment is made by a defendant, charged with fraud, which motion is supported by evidence of good faith in the transaction, and there is no evidence before the trial judge making an issue on the question of fraud, it is not error to grant summary judgment to the defendant.' [Cit.]" *Cash v. Preferred Risk Ins. Co.,* 155 Ga. App. 228-229 (270 SE2d 391) (1980).

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED OCTOBER 26, 1983.

*J. Thomas Durden, Jr., John D. Carey,* for appellant.
*Charles M. Cork III,* for appellee.