## BRINSON *v.* BIRGE.

There was no error in dismissing an affidavit of illegality, interposed to the levy of an execution, the grounds of which were, in substance, that the property levied on had been claimed by a third person to whom the execution belonged; that this execution was not in the hands of the levying officer; that consequently he was "without any knowledge as to the amount due on said [execution], or without any knowledge as to whether there is anything due" thereon; that he and the plaintiff's attorney had refused, on request, to disclose to the defendant what balance was claimed on the execution, and that various specified amounts had been paid upon the same;—the affidavit, however, nowhere unequivocally alleging that the execution had been fully paid off and satisfied.

Argued January 19,—Decided March 1, 1898.

Affidavit of illegality. Before Judge Candler. Burke superior court. December term, 1896.

*J. P. Brinson* and *E. L. Brinson,* for plaintiff in error.
*Lawson & Scales,* contra.

LUMPKIN, P. J. The bill of exceptions in the present case alleges that the trial court committed error in dismissing an affidavit of illegality which had been interposed to the levy of an execution. This affidavit contained numerous grounds, the substance of which, in condensed form, appears in the headnote.

It is obviously true that if an execution is levied upon property belonging to one other than the defendant in execution, the latter has not for this reason any legal cause of complaint. Nor is it, as a general rule, a matter of any concern to such de-

fendant to whom the execution belongs. If for any special reasons a change in the ownership of the execution affords a legal ground for arresting its progress, the facts as to this matter should be specificially set forth in the affidavit of illegality.

Nor can the progress of an execution be arrested because, for the time being, it is not in the immediate manual custody and control of the levying officer, nor because he does not know the precise amount due thereon. If an officer wrongfully undertakes to levy an execution, and makes an entry of the levy, he is responsible for his acts in case the same result in legal injury to the defendant; and it can make no difference to the latter with whom the officer may deposit the execution for safe-keeping, or other purpose, or that the officer does not know, and therefore can not inform the defendant, how much is due upon the paper. It is the latter's business to know how much he owes thereon, and to make or tender payment accordingly.

An affidavit of illegality does not sufficiently allege payment unless it at least distinctly and unequivocally avers that the execution has been fully paid off and satisfied. This is not accomplished by merely setting forth that various specified sums have been paid on the execution, unless it be further explicitly alleged that they in amount are sufficient to fully satisfy the same. Upon this point, the affidavit filed in the present case was evasive rather than explicit and unequivocal, and therefore can not be regarded as meeting the requirement of the law that payment must be distinctly alleged in unambiguous and positive terms.

Tested by what is above stated, the affidavit of illegality filed by the plaintiff in error was entirely insufficient, and the court did right in dismissing it.

*Judgment affirmed. All the Justices concurring.*