### EQUITABLE MORTGAGE COMPANY *v.* MONTFORT.

FISH, P. J.  1. Where the ground of an affidavit of illegality, interposed to the levy of a common-law execution, is that it has been partially paid, the amount admitted to be due must be paid in order to stay the execution. Civil Code, § 5661; *White* v. *Mandeville*, 72 *Ga.* 705; *Stanford* v. *Connery*, 84 *Ga.* 731–745; *Brinson* v. *Birge*, 102 *Ga.* 802. But where the ground of the illegality is that the execution has been fully paid, then the sheriff is bound to accept it and await the result of the trial of the issue so made. If upon the trial of such issue it should be proved that the execution has been only partially paid, the plaintiff would be entitled to a verdict that the execution proceed for the balance shown to be really due thereon, and not

for the amount apparently due from the execution itself.  *Stanford* v. *Connery*, supra.

2. There was evidence before the jury from which they could have found, that, prior to making the affidavit of illegality, the defendant had made a payment on the execution to the attorney of record for the plaintiff, for which he had received no credit.  The court erred in excluding evidence tending to show that, prior to making the affidavit of illegality, defendant had made another payment on the execution to plaintiff's attorney, in pursuance of a parol agreement, though varying a former written contract, which payment had not been entered as a credit on the execution.  The direction of a verdict that the execution proceed for the full amount apparently due from the execution itself was error.  A new trial was properly granted.

*Judgment affirmed.  All the Justices concur.*

Argued December 12, 1904,—Decided January 27, 1905.

Affidavit of illegality.    Before Judge Butt.    Taylor superior court.    March 18, 1904.

*Payne & Tye* and *J. A. Noyes*, for plaintiff.
*J. J. Bull* and *O. M. Colbert*, for defendant.