## SWINDELL & COMPANY v. FIRST NATIONAL BANK.

1. A contract between a bank and a lumber manufacturer, whereby the bank agreed to advance to him a certain sum of money, but the manufacturer was not bound to take the whole or any part of said sum unless he found it necessary in conducting his business, was unilateral, in that there was no

binding obligation on the part of the manufacturer to borrow any definite sum of money.

2. Where, in a suit to recover on certain promissory notes, the sole defense is a plea of recoupment claiming damages for a breach of a contract which appears from the evidence to have been unilateral, a verdict for the plaintiff is demanded by the evidence, and any possible errors in admitting or excluding testimony relating to the breach of such contract, or any error in the charge of the court respecting the same, can not afford cause for ordering a new trial.

Argued December 14, 1904. — Decided January 27, 1905.

Complaint on notes.    Before Judge Bower.    City court of Bainbridge.    January 19, 1904.

*T. S. Hawes, Townsend & Dickenson,* and *A. H. Russell,* for plaintiffs in error.

*Donalson & Donalson, Byron Bower,* and *A. G. Powell,* contra.

EVANS, J.    The First National Bank brought a suit against E. Swindell & Co., a partnership, to recover the amount due on certain promissory notes executed by that firm.    The defendant filed a plea of recoupment alleging, in brief, that the partnership was engaged in the manufacture of lumber and required a large amount of money with which to conduct its business; that the partnership entered into a contract with the bank, whereby it was to advance to the firm $20,000, as called for from time to time, in order that it might carry on its business successfully, the firm being induced by the bank to sever its financial relations with another banking institution and to get its advances from the plaintiff bank; that the bank did advance the money for which the notes sued on were given, but later, without cause or excuse, committed a breach of the contract by refusing to advance any further sums of money to the partnership, and that by reason of such breach the firm had been unable to profitably conduct its business and had been damaged in the sum of ten thousand dollars.    On the trial of the case the defendant admitted the execution of the notes and assumed the burden of proof.    Evidence was introduced to the effect that an arrangement had been made with the bank, whereby it was to advance money to the partnership to enable it to carry on its milling operations; but it affirmatively appeared from the testimony of the member of the firm who made this arrangement with the bank, and upon whose testimony the defendant wholly relied as establishing the making

of the alleged contract, that the partnership was "to take $20,000 if necessary to run [its] business," but not otherwise, and "more, if necessary, to the amount of $30,000," it being optional with the firm whether it would "take the $20,000 or not." The plaintiff denied entering into any such contract, and introduced evidence tending to show that it had merely advanced money to the defendant partnership on particular occasions, in the same way as it had done to other customers, relying on Swindell & Co. to reimburse it when remittances for shipments of lumber were received by that firm. The jury returned a verdict in favor of the plaintiff, and the defendant filed a motion for a new trial, therein complaining of various rulings and charges of the court. To the overruling of this motion the defendant excepts.

1. An essential requisite of a contract dependent on mutual promises for a consideration is that the obligations imposed should be reciprocal. One promise must need be the complement of the other. The performance of the promise or agreement to perform by one party enjoins a duty on the opposite party to execute his reciprocal obligation. If the contract be such that performance by one of the parties of his promise does not confer the right to demand the correlative obligation from the other, it is lacking in mutuality. The contract between the bank and the plaintiff in error, as averred in the plea of recoupment, was mutual and binding. By its terms the bank agreed to loan, within the lumber season, twenty thousand dollars, and the plaintiff in error agreed to borrow that sum. However, when the plaintiff in error undertook at the trial to establish the contract set out in this plea, the testimony offered failed in a vital particular. The member of the firm who claimed to have made the contract with the bank was the only witness offered to prove it. This witness testified that the bank agreed to loan $20,000 to his firm, but his firm was not to borrow the money unless its business necessities required it. In the course of his testimony he said: "We were to take $20,000 if necessary to run our business; we were not to take it if not necessary; more, if necessary, to the amount of $30,000. It was with us whether we were to take the $20,000 or not." The contention of the plaintiff in error, as proved by this witness, might be elaborated after this manner: We are not bound to borrow any money unless we need it, but the bank must keep in

reserve the necessary funds to meet the demands of our business, up to the amount of $20,000; if we do not happen to need it, we are under no obligation to borrow, and the bank can not expect any remuneration for maintaining a state of readiness to meet possible sudden demands for money; yet, if the demand is made and the money is not loaned, the bank is liable to us in damages. for a failure to make the exacted loan.    A contract of this kind is manifestly unilateral, without consideration, and incapable of enforcement. *McCaw Manufacturing Co.* v. *Felder*, 115 *Ga.* 408, and authorities cited.

2. The execution of the notes sued on having been admitted, the plaintiff was entitled to recover, unless the plea of recoupment was sustained by evidence.    As pointed out in the preceding division of this opinion, the evidence discloses that this plea was in fact based upon the violation of a unilateral contract.    This amounted to no defense at all; therefore the verdict was demanded by the evidence, and the court with propriety might well have directed a verdict for the plaintiff for the full amount sued for.    Instead of so doing, the trial judge submitted certain issues of fact to the jury, and error is assigned upon certain portions of his charge.  · Exception is also taken to various rulings in admitting or excluding evidence relating to a breach of this unilateral contract.    Inasmuch, however, as the verdict was demanded, any possible errors committed by the court in charging the jury, or in ruling upon the admissibility of evidence touching the alleged breach of such contract, afford no cause for ordering a new trial. *Peoples Bank* v. *Smith*, 114 *Ga.* 185.

> *Judgment affirmed.    All the Justices concur.*