## 20681. BOWER *et al. v.* CERTAIN-TEED PRODUCTS CORPORATION.

ARGUED NOVEMBER 9, 1959—DECIDED JANUARY 8, 1960.

*Earle B. May, Jr., Bell & Baker,* for plaintiffs in error.

*Conger & Conger, Gambrell, Harlan, Russell, Moye & Richardson, Jas. C. Hill, Harold N. Hill, Jr.,* contra.

ALMAND, Justice.   This was a suit on two promissory notes, dated January 9, 1958, in the amount of $45,944.97, brought by Certain-teed Products Corporation against John D. Bower, Jr., Bower Company-Florida, Inc., and Bower Company, Inc., as the co-makers of the notes; it being alleged that the sum of $41,613.28, plus interest and attorneys' fees, was due and collectible on them.   The defendants filed a joint answer by paragraphs to the three counts of the petition, in which they admitted the execution, delivery, and non-payment of the notes and their liability thereon—subject, however, to any defenses and claims by way of setoff which might appear in their pleadings by way

of further answer, plea, and cross-bill. The cross-bill prayed for substantial damages against the plaintiff in favor of the defendants for breach of an alleged oral contract between the parties, and for cancellation of a security deed executed by the individual defendant to the plaintiff. The plaintiff demurred generally to, and moved to strike, the entire answer and defensive pleadings of the defendants.

Error is assigned on the order sustaining the plaintiff's general demurrers to the answer, and striking the cross-bill and portions of the answer relating thereto; and on the direction of a verdict and entering of a final judgment in favor of the plaintiff.

The execution of the notes sued upon having been admitted by the defendants, the plaintiff was entitled to recover unless the defendants in their answer and cross-bill set up any defense or claim by way of setoff that would defeat the plaintiff's right of recovery. Upon examination of the defendants' pleadings, it is seen that the sole basis for their defense against the notes, as well as for the sustaining of the prayers of their cross-bill, arises out of alleged oral agreements and transactions between the parties, which occurred prior to the execution of the notes sued upon. After carefully considering the allegations of the defendants' various pleadings, we have come to the conclusion that they are too general, uncertain, ambiguous, evasive, contradictory, irrelevant, and immaterial to raise any defense to the written obligations of the defendants under the notes, and are too vague, indefinite, and insufficient to assert any matter by way of affirmative relief in law or equity against the plaintiff. See *Goodman* v. *Fleming*, 57 *Ga.* 350 (2); *Johnson* v. *Cobb*, 100 *Ga.* 139 (2) (28 S. E. 72); *Brinson* v. *Birge*, 102 *Ga.* 802 (30 S. E. 261); *Swindell & Co.* v. *First Nat. Bank*, 121 *Ga.* 714 (1, 2) (49 S. E. 673); *Raleigh & Gaston R. Co.* v. *Pullman Co.*, 122 *Ga.* 700 (5) (50 S. E. 1008); *Linam* v. *Anderson*, 12 *Ga. App.* 735 (6) (78 S. E. 424); *Dixon* v. *Bond*, 18 *Ga. App.* 45 (2) (88 S. E. 825); *Industrial Life &c. Co.* v. *Warren*, 44 *Ga. App.* 357 (2) (161 S. E. 627).

Accordingly, the trial court did not err in sustaining the demurrers to the answer and in striking the cross-bill and portions

of the answer relating thereto, and in entering final judgment in favor of the plaintiff on the notes sued upon.

*Judgment affirmed. All the Justices concur.*