52734. A. A. A. DELIVERY SERVICE, INC. v. MORSE ELECTRO PRODUCTS CORPORATION et al.

BELL, Chief Judge.
Plaintiff brought suit to recover damages against several defendants, common carriers, for failure to deliver goods to plaintiff in Atlanta. Defendants' motions for directed verdict were denied. The jury returned a money verdict against one of the defendants, A. A. A. Delivery Service, but in favor of the other defendant. Defendant A. A. A. moved for a judgment notwithstanding the verdict or in the alternative for a new trial which was denied. *Held:*

1. One of the grounds of the motion for judgment n. o. v. was the failure to prove the market value of the goods

contained in the shipments involved in the case. Plaintiff contends that since defendant failed to assert lack of proof of value as a ground of its motion for directed verdict, the question cannot be considered in determining the correctness of the order denying judgment n. o. v. This contention contains a correct statement of the law. *Turk v. Jackson Electric Membership Corp.,* 117 Ga. App. 631 (1) (161 SE2d 430). However, the transcript shows that while defendant A. A. A. did not include as a ground the lack of proof of value when it renewed its motion for a directed verdict at the close of the case, the co-defendant very clearly included it as a ground of its motion. Defendant A. A. A. stated to the court it adopted the co-defendant's grounds with reference to its motion. The issue of value therefore was properly raised in the motion for judgment n. o. v.

2. The measure of damages to be recovered from a common carrier for failure to deliver goods is the market value thereof at the destination. *Atlantic R. Co. v. Howard Supply Co.,* 125 Ga. 478 (2) (54 SE 530). The cost price of the goods is insufficient standing alone to establish market value. *Mills v. Mangum,* 111 Ga. App. 396, 397 (141 SE2d 773). In this case the only evidence of value was the cost price of merchandise. Not the slightest bit of proof as to the market value of the goods in Atlanta was adduced. Consequently, under the above authorities, it must be held that plaintiff failed to prove its case and defendant is entitled to a judgment as a matter of law. We reverse with direction to the trial court to grant defendant's motion for judgment notwithstanding the verdict.

*Judgment reversed with direction. Clark and Stolz, JJ., concur.*

ARGUED SEPTEMBER 22, 1976 — DECIDED OCTOBER 25, 1976 — REHEARING DENIED NOVEMBER 19, 1976 —

*Greene, Buckley, DeRieux & Jones, Alfred B. Adams, III, Norma W. Bergman,* for appellant.
*Lazarus & Stokes, John H. Watson, John E.*

504

*Talmadge,* for appellees.