## 60628. INSILCO CORPORATION v. FIRST NATIONAL BANK OF DALTON.

DEEN, Chief Judge.

On November 14, 1975, Mr. and Mrs. Mull received a loan from the First National Bank of Dalton in return for a first loan deed on their residence. On September 8, 1976, the appellant, a foreign corporation with its main office in Minnesota, mailed the appellee a form letter stating that that company had taken a second mortgage on the described property and requesting notice of delinquency if the Mulls became seriously behind in monthly payments prior to any foreclosure proceedings. The record shows that the junior deed to secure debt and note were executed on forms bearing the same September 8 date. An undated reply from the defendant to the plaintiff at its Minnesota office stated, "We will notify you of serious

delinquencies and before a mortgage foreclosure is started."

The Mulls became delinquent and eventually went into bankruptcy. The bank, with no other notice than publication as required for foreclosure proceedings, foreclosed on and sold the property on May 2, 1978. The appellants filed suit in three counts for actual and punitive damages, and appeal from the court's order of dismissal for failure to state a claim.

1. It affirmatively appears (a) that the appellants had already made the loan supported by the junior deed to secure debt at the time they received the defendant's promise to notify them of any delinquency, (b) that they neither offered nor gave any consideration for the bank's promise to inform them of delinquency or foreclosure, and (c) that no benefit accrued to the bank from this exchange. The promise was accordingly nudum pactum. Code § 20-301. It was held in *Thigpen v. Harbison-Walker Refractories Co.,* 55 Ga. App. 397, 404 (190 SE 378) (1937) that a promise by the defendant to collect and deliver certain installment payments, where it was otherwise under no duty to do so, was unenforceable. See also *Swindell & Co. v. First Nat. Bank,* 121 Ga. 714 (1) (49 SE 673) (1904). The first count of the complaint showed no contract, and consequently no breach, and was subject to dismissal. The second count contended that the defendant's failure to give notice of foreclosure other than by advertisement caused the plaintiff to rely on its promises and representations to the creditor's injury in the amount of the sum remaining due on the secured note. Since the plaintiff had no legally enforceable right to rely on the defendant's acquiescence in its request, and since that acquiescence related to a future time we find no estoppel. *Fields v. Continental Ins. Co.,* 170 Ga. 28 (2) (b) (152 SE 60) (1929).

Nor can the plaintiff rely on the naked promise of a third person to do an act as a "consideration" where there is no contract between the promisee and the promisor. *Trust Co. of Columbus v. Rhodes,* 144 Ga. App. 816 (242 SE2d 738) (1978). Counts 1 and 2 are without merit.

2. Count 3 of the complaint, after alleging the facts dealt with above, stated that the defendant's acts were wilful, with full knowledge of all the facts, and done with the intent wrongfully to deprive the plaintiff of its security interest in the property. This amounts to an accusation of behavior indulged in for the express purpose of injuring another, and is an actionable tort. "Wilful misrepresentation of a material fact, made to induce another to act, and upon which he does act to his injury, will give a right of action. Mere concealment of such a fact, unless done in such a manner as to deceive and mislead, will not support an action. In all cases of deceit, knowledge of the falsehood constitutes an essential element. A

fraudulent or reckless representation of facts as true, which the party may not know to be false, if intended to deceive, is equivalent to a knowledge of the falsehood." Code § 105-302. To support an action for deceit, the misrepresentation must be either known at the time to be false, or recklessly made with the intention of deceiving the opposite party. Here it may be inferred that the defendant's agent in promising to inform the junior lienholder "with knowledge of all the facts" and "with the intent to deprive plaintiff of the value of the improvements" foreclosed on the property without the promised notice for the purpose of injuring the plaintiff. While ordinarily an action for deceit will not lie as to a future event, an exception exists where the maker of the misrepresentation knows at the time it is made that the event will not take place. *Hill v. Stewart,* 93 Ga. App. 792, 796 (92 SE2d 829) (1956).

Were we dealing with a trial or a motion for summary judgment, the result might well be different. But a complaint should not be dismissed for failure to state a claim unless it appears obvious that under no provable set of facts can there be a recovery. *Cochran v. McCollum,* 233 Ga. 104 (210 SE2d 13) (1974); *Rhyne v. Garfield,* 236 Ga. 694 (225 SE2d 43) (1976). Count 3, although somewhat imperfectly, states a claim for wilful and intentional misrepresentation and was not subject to dismissal on motion.

*Judgment affirmed as to Counts 1 and 2, reversed as to Count 3. Birdsong and Sognier, JJ., concur.*

Submitted September 10, 1980 — Decided November 10, 1980 —

*Ronald R. Womack,* for appellant.
*Carlton McCamy,* for appellee.